## PUBLISHER'S COLUMN
# The Ohio Law Abstract

Entered as second) class matter, February 28, 1923,
at the Post Office, Cleveland, Ohio,
under the Act of March 3, 1879

Issued Every Saturday        50 Weeks of the Year
### SUBSCRIPTION PRICES AND TERMS
One year (50 issues) Payable in Advance.......$15.00
Single Numbers ............................... .35
When cash is mailed to us in advance
20 per cent discount

RENEWALS not prepaid (per mo. $1.25)........$15.00
No discount allowed after expiration date

### THE LAW ABSTRACT COMPANY
Office, Editorial Rooms and Library, 13916 Euclid Ave.
Cleveland, O.
Address all mail communications to P. O. Box 2455,
Cleveland, O.

### EXPIRATIONS
We send notices to subscribers, four weeks in ad-
vance of the date to which their application is paid,
thus. assuring them of ample knowledge in time to
prepay renewals, and save the 20 per cent we give to
those who mail the money in advance.

the weight of the evidence, unlawful or un-
reasonable, this court will examine the entire
record to determine whether such order is
based upon sufficient evidence received under
the established rules for the production of evi-
dence.

2. To justify the issuing of a certificate of
convenience and necessity for the operation of
a motor bus line over state highways, it must
be made to appear by the preponderance of all
the competent evidence produced before the
Public Utilities Commission that not only
should such certificate be granted as a matter
of convenience for public travel, but also that
there is a necessity therefor; and this court
will not substitute its own judgment for that
of the Commission unless an order based there-
on is against the manifest weight of the evi-
dence.

Order affirmed.

Marshall, CJ., Jones, Matthias, Allen, Kin-
kade and Robinson, JJ., cnocur.

### No. 996
No. 19666—William J. Bowman et al v. Wil-
liam A. Lemon. Error to the Court of Appeals
of Hamilton County.

191. BURDEN OF PROOF—1. Where
plaintiff claims to have been of unsound mind
at time cause of action accrues, so as to sus-
pend the statute of limitations as provided by
11229 GC; and defendant denies said claim,
burden of proof is upon plaintiff to show that
he suffered from some mental derangement
restraining him from asserting and protecting
his rights.

2. Such an issue is to be determined by the
jury as any other issue of fact in the case.
DAY, J.

1. Section 11229, General Code, providing
if a person entitled to bring an action is, at
the time the cause of action accrues, of un-
sound mind, such person may bring the same
within the period provided in the statute of
limitations after such disability is removed.
should be construed in connection with Section
10213, General Code, wherein the term "of un-
sound mind" is defined so as to include every
species of mental deficiency or derangement.

2. In an action for damages for assault and
battery, where there is an issue whether such
action was begun within one year from the re-
moval of a claimed disability and unsoundness
of mind, and there is evidence tending to show
that such action was begun within one year
from such removal, the same should be sub-
mitted to a jury, under proper instructions.

3. Where a plaintiff claims to have been of
unsound mind at the time a cause of action ac-
crues, so as to suspend the statute of limita-
tions, which claim is denied by the defendant,
plaintiff has the burden of proving that he was
suffering from some species of mental defi-
ciency or derangement, so as to be unable to
look into his affairs, properly consult with
counsel, prepare and present his case and as-
sert and protect his rights in a court of jus-
tice; such issue should be submitted to the
jury, the same as any other issue of fact in
the case.

Judgment reversed.

Marshall, CJ., Jones, Matthias, Allen, Kin-
kade and Robinson, JJ., concur.

### No. 997
No. 19667—State of Ohio v. Hearne. Excep-
tions to the Court of Common Pleas of Ham-
ilton county.

1226. VARIANCE—Where proof shows that
defendant forged name of payee on check with
intent to defraud, etc.; and indictment charges
him with "unlawfully, falsely making, forg-
ing and counterfeiting a certain check" with
intent to defraud, not sufficient variance as to
warrant a directed verdict of not guilty.
DAY, J.

Upon trial under an indictment charging
"unlawfully, falsely making, forging and coun-
terfeiting a certain check" with intent to de-
fraud, and the uttering and publishing thereof,
proof that the offense consisted in the defend-
ant forging the name of the payee on the
back of such check, with intent to defraud and
uttering and publishing the same with like in-
tent, does not constitute such a variance as to
justify a directed verdict of not guilty.

Exceptions sustained.

Marshall, CJ., Jones and Allen, JJ., concur.

## Weekly Report of
# NEW CASES DOCKETED

### NEW CASES DOCKETED
Community Tra-- Co. v. Freeman ............ 20170
Farmer v. Ric...ond ............................ 20168
Glowacki v. North W. O. Ry. & P. Co.......... 20165
Kerman v. Sourkup ............................ 20166
Kmetzko v. State ............................ 20167
Seiple-Wolf Const. Co. et v. Ayers et........... 20163
Summit County Comm. v. Trumbull County Com. 20169
U. S. Fid. Co. v. Samuels ..................... 20171

#### NOV. 9, 1926
20163—Seiple-Wolf Construction Co. et v. Edward M.
Ayers et; motion for Tuscarawas Appeals to certify.
H. Bowers, J. A. White, Columbos, for pltf; Wilkin,
Fesnsell & Fisher, New Philadelphia, for defts.

#### NOV. 10, 1926
20164—State of Ohio ex rel Joe Phillips et v. Indos-
trial Commission of Ohio; in mandamos. M. C. Har-
rison, Cleveland, for pltf; C. C. Crabbe, R. R. Zur-
mehly, Columbus, for deft.